**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1-22-cv-03060-DDD-SBP

Dr. Grant M. Saxena, Ph.D.

      Plaintiff,

v.

Mary Louise Hall and

Danielle Kay Kunze,

      Defendant(s).

---

## UNOPPOSED SECOND MOTION FOR LEAVE TO RESTRICT PUBLIC ACCESS

    **NOW COMES the Plaintiff**, Dr. Grant M. Saxena, Ph.D., appearing as a Pro Se law school graduate, who is also an honorably discharged Veteran Affairs federally rated 100% permanent and total service-disabled Captain Congressionally Nominated and Presidentially Appointed for Life from West Point: The United States Military Academy via their Class of 9/11 during the Global War on Terror.

    Dr. Saxena respectfully submits and Unopposed Second Motion to Restrict Public Access, for the following reasons:

    1. Identify the document or the proceeding for which restriction is sought:

      a.  Dr. Grant M. Saxena, Ph.D.'s proof of domicile records in Florida.

          i.  Florida Driver's License

          ii.  Florida Rental Property Lease

          iii.  Veterans Affairs Federal Disability Letter

2. Address the interest to be protected and why such interest outweighs the presumption of public access:

    a.   The interest to be protected is the Fourth Amendment, The Fourth Amendment of the U.S. Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

    b.   The ultimate goal of this provision is to protect people's right to privacy and freedom from unreasonable intrusions by the government, and any persons conspiring with the government to violate civil rights, as is the case with defaulted domestic violence abuser Kunze and co-Defendant conspirator Mary Louise Hall, who has defaulted and is guilty of similar torts in 23-cv-00213, Saxena v. Jackson.

3. Identify a clearly defined and serious injury that would result if access is not restricted;

a. Public Access to a private record could be used by the defaulted domestic violence abusers Mary L. Hall and her conspirator Danielle K. Kunze, along with their co-defendants, or the public, to create more malicious records, steal identification information, and ultimately cause serious and irreparable harm beyond what has already been suffered by Dr. Saxena.

b. The Plaintiff  is a prior Victim of severe domestic violence attacks from Hall and Kunze, ranging on the spectrum of abuse from physical assault felonies, to civil infractions of malicious records creation through false swearing, witness tampering, defamation, and perjury which have all damaged public records for Dr. Saxena, Ph.D. *See* U.S. Federal District of Colorado Case: 23-cv-00213-DDD-SBP, Saxena v. Jackson, et., al.

4. No alternative to restricted access is practicable, only restricted access will adequately protect the interest in question because the court needs to see the date that domicile was established in Florida to satisfy the requirement to qualify federal diversity jurisdiction.

    a. Partial redaction is implemented on the restricted record, because full redaction under public access would make the date of issue unreadable to satisfy the court's inquiry regarding diversity jurisdiction.

5. Level 2 access is limited to the filing party and the court, and is identified as the restriction level sought.

Very Respectfully Requested,

/s/ Dr. Grant M. Saxena, Ph.D.

**Dr. Grant M. Saxena, Ph.D.**

08/17/2023
2222 SE 2nd St.
Cape Coral, FL 33990

## <u>CERTIFICATE OF ELECTRONIC FILING COMPLIANCE</u>

Pursuant to **D.C.COLO.LCivR 5.1(a) and 4.1(a),** Plaintiff complies with e-file procedures to the best of his disabled ability by retaining a private process server to serve the documents and file via email through the Pro Se clerk, at COD_ProSe_Filing@cod.uscourts.gov

Further, there is no violation of court rules or procedures for filing through the pro se clerk, due to the supplied information about Dr. Saxena's federally protected Veterans Affairs disability, which strictly prohibits usage of the non-functional CM/ECF computer system.

The clerk has made several clerical errors, by rejecting filings sent to the pro-se email erroneously. By federal law, a Clerk cannot refuse filings due to the format they are received in.

## <u>CERTIFICATE OF CONFERRAL</u>

I confirm that on 8/17/2023, I conferred with the opposing party regarding this motion, as per local rule D.C.COLO.LCivR 7.1(a). Kunze is not entitled to correspondence. Hall's law firm was faxed and emailed a copy of the motion to supplement with supporting affidavit and second motion to restrict. Mr. Hadlow, Esq responded to the conferral, one day later on 08/18/2023, with a generic message stating only: "We respectfully oppose."

However, this opposition is unfounded. Not only did counsel not present the motion to their client Ms. Hall for proper discussion and dissemination, it is also invalid because the Defendant does not give any details, grounds, case law, speak to the reasons for opposition, or specify why they are entitled to opposing the motion as a matter of law. Defendant Hall's counsel sending a templated three (3) word message and agreeing with a prior recommendation of the judge to dismiss the case does not satisfy the requirements, given through conferral, for an opposition to any motion in American federal court.

Dr. Saxena then replied to Defendant's counsel, highlighting their failure to provide a proper conferral and requested more information and a definitive statement. The firm replied with "nothing filed satisfies the magistrate's order and that we agree with the recommendation." Since the Defendant has not seen the restricted documents which will be filed with the supplement to the order to show cause, and agrees to the same, the frivolous and argumentative nature of the meaningless reply warrants exclusion of the Defendant Hall's opposition in this motion. Conferral proof is available upon request.

## <u>CERTIFICATE OF SERVICE</u>

I, Grant Saxena, hereby certify that I caused a copy, though filing via the pro se Clerk, or CM/ECF, and retaining a private process server for the Motion to be placed in a postage-paid envelope addressed to the defendant, at the address stated below, which is the address of said defendant on file with the court where they attempted to open the default and failed to meet the court's requirements.

Addressee:

Danielle Kay Kunze

615 Alter St, #101

Broomfield, CO 80020

<u>/s/ Dr. Grant M. Saxena, Ph.D.</u>

Dr. Grant M. Saxena, Ph.D.

08/27/2023